UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TYLER MCNABB )
) Case No. 1:16-cv-115-PLR-CHS
v. )
)
MARSHAL MIZE FORD )

---

MEMORANDUM AND ORDER REGARDING
SEALING CONFIDENTIAL INFORMATION

This Memorandum and Order Regarding Sealing Confidential Information enunciates the specific standards that must be met and the procedures that must be followed in order to file anything in the Court record under seal.

Standard Required to File Information Under Seal

The Court regularly signs agreed protective orders which permit the parties to designate the discovery they wish to keep confidential among themselves. Parties may not, however, summarily agree that they will file information under seal or in redacted form in the court record simply because it is designated as confidential under the protective order.

This Court cannot place under seal any documents filed with the Court absent good cause to do so because the public has a paramount interest in access to all court documents. *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F. 3d 219, 227 (6th Cir. 1996); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177-1181 (6th Cir. 1983). In addition, E.D.TN. LR 26.4 flatly prohibits filing any document under seal without prior showing, to the satisfaction of the Court, of good cause. Filing a motion to seal which simply states that the parties have designated the document as confidential will not be sufficient to place the document or

1

information under seal.

In *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996), the Sixth Circuit directed that no court papers may be placed under seal absent "good cause shown." *Id.* at 227. The Court then referred to its earlier decision of *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177-1181 (6th Cir. 1983) as the decision in which "the principles" of sealing court papers for good cause shown is "so painstakingly discussed." *Id.* at 227.

In *Brown & Williamson Tobacco Corp. v. FTC*, the Sixth Circuit began its discussion of when court papers could be placed under seal by recognizing the long-standing tradition of public access to court proceedings in this country. The Court articulated three reasons for this right of public access. First, "public trials play an important role as outlets for community concern, hostility and emotions. When judicial decisions are known to be just and when the legal system is moving to vindicate societal wrongs, members of the community are less likely to act as self-appointed law enforcers or vigilantes." *Id.* at 1178 (internal citations omitted). Second, "public access provides a check on the courts. Judges know that they will continue to be held responsible by the public for their rulings. Without access to the proceedings, the public cannot analyze and critique the reasoning of the court....One of the ways we minimize judicial error and misconduct is through public scrutiny and discussion." *Id.* Third, "open trials promote true and accurate fact finding." *Id.* (external citation omitted.)

"Once documents are filed with the Court, there is a 'strong presumption that they should be open to the public.'" *In re Southeastern Milk Antitrust Litigation*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009). In order to file documents under seal in the court record, the moving party must show *compelling* reasons to do so. *Id.* (citing *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987). *See also*, *In re The Knoxville News–Sentinel Co., Inc.*, 723

2

F.2d 470, 476 (6th Cir.1983) ("Only the most compelling reasons can justify non-disclosure of judicial records.") (citing *Brown & Williamson,* 710 F.2d at 1179–80.)

The right of access is not absolute, however. *Id.* at 1179. There are two categories of exceptions to the right of public access. The first category is the need to keep dignity and order in the courtroom. In such an instance, the legitimate societal interest in protecting the adjudicatory process from disruption outweighs the interest of unfettered public access to the proceedings. *Id.* The second category consists of restrictions based on the content of the information to be disclosed to the public. *Id.* Certain content-based exceptions outweigh the right to public access. Some of these exceptions include:

> 1) a defendant's right to a fair trial,
> 2) trade secrets,
> 3) national security, and
> 4) certain privacy rights of participants and third parties.

*Id.*

As explained in *In re Southeastern Milk Antitrust litigation*, 666 F. Supp.2d at 915,

> … neither harm to reputation of the producing party nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access. *Id*. at 1179–80 (citing *Joy v. North*, 692 F.2d 880, 884 (2d Cir.1982)) ("A naked conclusory statement that [disclosure will injure a producing party] ... falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal.").

At the very least, a party's assertion that information it seeks to seal constitutes legitimate trade secrets must be supported by an affidavit. In some instances, it may be necessary to hold an evidentiary hearing to determine whether information purported to be confidential business information can be filed under seal.

It is highly unlikely that the Court will place entire motions and their supporting documents under seal. To do so would eliminate from the public record all bases for any decision upon the motion by the Court thereby eviscerating the public's First Amendment right of access.

3

The parties are encouraged to be very selective in the information they seek to seal. As previously stated, agreement by the parties that information is confidential business information, standing alone, does not meet the standard required to file information under seal.

Procedure Required to Obtain Leave to File Under Seal

1. Any party who wants to file material under seal must file an appropriate motion in the Court record seeking leave to do so. In filing this motion, the moving party MUST comply with E.D. Tenn. L.R. 26.2 and Rule 12.2 of the Electronic Case Filing Rules and Procedures.[1] If the motion to seal is granted, the document shall remain permanently under seal. If the Court denies the motion to seal, the moving party may file that same material, which was the subject of the motion to seal, in the public record within seven days of entry of the Court's order denying the motion to seal.

2. In the event a party moves to file under seal information which has been designated as confidential by someone else (e.g., another party or a non-party), the party who has designated the information as confidential will have 14 days from service of the motion to seal to file: (a) a response indicating whether that party supports the motion to seal, and, if the response is in the affirmative; (b) any declarations or other papers supporting such response.

3. Redaction is considered by the Court to be the same as sealing information. *See* E.D. L.R. 26.2. Where a party has met the rigorous standard to file information under seal, redaction is required unless more than 50% of the document needs to be sealed. <u>Proposed redacted documents should be filed with the motion to seal or response to the motion to seal, as is appropriate under the circumstances. Unredacted documents shall be filed under the *Proposed*</u>

---

[1] Counsels' attention is also invited to "CMECF Sealed Documents – Documentation for Attorneys, September 1, 2009" which can be found at: http://www.tned.uscourts.gov/docs/atty_documentation.pdf

<u>*Sealed Document*</u> event in order that the Court can compare the redacted and unredacted versions.

4. Failure to comply with the procedures set forth in this order may result in the Court summarily denying the motion.

SO ORDERED.

ENTER.

                                                                   s/*Christopher H. Steger*
                                                          UNITED STATES MAGISTRATE JUDGE